**Romas HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46133.**

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Phillip E. Hosey, Galveston (on appeal only), for appellant.

Jules Damiani, Dist. Atty., James W. Stallcup, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant seeks relief from an order revoking his probation. He entered a plea of guilty on May 14, 1970, to the offense of passing a forged instrument in writing and punishment was assessed at four years' confinement. The sentence was suspended and appellant was placed on probation.

An abuse of discretion is now alleged by appellant. Two complaints are cited.

█ Appellant first argues that he was denied his constitutional and statutory right to a trial by jury at the probation revocation hearing, and cites as authority Fariss v. Tipps, 463 S.W.2d 176 (Tex.Sup. 1971). In Fariss, the Supreme Court of Texas held that a revocation of probation proceeding was a "criminal prosecution" within the state constitutional section providing that in all criminal prosecutions accused shall have a speedy public trial. We

have recognized the validity of such a holding. Hilts v. State, 476 S.W.2d 283 (Tex.Cr.App.1972). However, we must consider what Fariss did *not* decide.[1] At page 178, the Fariss court stated:

> "The Court of Criminal Appeals has held that a revocation proceeding is not the type of 'criminal prosecution' in which the defendant can demand a trial by jury. See Hood v. State, 458 S.W.2d 662 (Tex.Cr.App.1970) and Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774 (1951). For present purposes we may assume that those cases are correctly decided."

Thus, Fariss dealt only with the issue of a speedy trial.

In a probation revocation proceeding, the trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given their testimony. Bennett v. State, 476 S.W.2d 281 (Tex.Cr.App.1972); Rutledge v. State, 468 S.W.2d 802 (Tex. Cr.App.1971); Hood v. State, 458 S.W.2d 662 (Tex.Cr.App.1970).

Appellant's first complaint is overruled.

He next alleges that the dichotomized court system in Texas, with its two courts of last resort, is unconstitutional and denies the citizens of this State due process and equal protection of the law. Appellant bases this notion upon the fact that occasionally the Texas Court of Criminal Appeals and the Supreme Court of Texas are called upon to express their opinions on virtually the same issues.[2] Appellant cites no authority in support of his allegation, nor is he able to validly demonstrate how such a dichotomized system deprives him, individually, of his constitutional guarantees of due process and equal protection of the law. The complaint is without merit.

Finding no abuse of discretion, the judgment is affirmed.

MORRISON, J., concurs in the results.

---

1. See 49 Tex.L.Rev. 917, 920 (1971).

2. Admittedly, the present court system in Texas has come under considerable criticism, though not necessarily from a constitutional standpoint. For highlights of the proposed modernization of the Texas court system, see 35 Texas B.J. 494 (1972).