Ja'Mar WATSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–88–00171–CR, 01–88–0159–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 7, 1988.

William W. Vance, Vance, Bruchez & Goss, P.C., Bryan, Tex., for appellant.

Bill R. Turner, Dist. Atty., Elizabeth Holbert, Asst. Dist. Atty., Brazos County, for appellee.

Before JACK SMITH, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellant was found guilty of aggravated assault with a deadly weapon in cause no. 16,525–272, and was placed on probation on April 3, 1987 for a period of five years. On July 28, 1987, appellant was sentenced to six years in the Texas Department of Corrections (T.D.C.) for theft in cause no. 17,449–361. Pursuant to an agreement by the trial court to consider "shock probation" as part of the plea bargain in cause no. 17,449–361, on December 18, 1987, appellant was returned from T.D.C. on a order suspending his sentence. He was then placed on probation for a period of six years.

 On January 4, 1988, motions to revoke probation were filed in both cause no.

16,525–272 and cause no. 17,449–361. The State alleged that in each case, appellant had violated condition (a) of the terms of his probation by committing an offense against the laws of this state, and condition (r), by failing to observe a curfew. On February 3, 1988, the trial court found the allegations to be true and ordered that the suspension of imposition of appellant's sentence be revoked. Appellant was ordered to serve five years in the T.D.C. in cause no. 16,525–272, and five years in the T.D.C. in cause no. 17,449–361. The court further ordered that the sentences in cause no. 17,449–361 and cause no. 16,525–262 run consecutively.

In appellant's first point of error, he claims that the trial court improperly cumulated the sentences in cause no. 17,449–361 and cause no. 16,525–262.

The Court of Criminal Appeals addressed the same fact situation in *O'Hara v. State,* 626 S.W.2d 32 (Tex.Crim.App.1981), and held that upon revocation of probation, a convicting court has no power to cumulate any sentence not originally ordered to be served cumulatively.

The State argues that Tex.Code.Crim.P. Ann., art. 42.08 (Vernon 1977), as amended in 1987, changes the law, and therefore the validity of the holding in *O'Hara,* by giving the trial court the power to cumulate any sentence "imposed or suspended." Due to the amendment of art. 42.08, the trial court now has statutory authority to cumulate a suspended sentence (i.e., one where "shock probation" is imposed) at the time the sentence is pronounced. This statutory amendment does not, however, change the application of cumulative sentencing to a "shock probation" term that has been both granted and served, as in the instant case. When the Court of Criminal Appeals held that a court may not add a cumulation order onto a sentence already imposed after a defendant has been placed on "shock probation," *O'Hara v. State,* 626 S.W.2d at 35, it based its decision on prior case law holding that a cumulation order added onto a sentence already imposed after a defendant has suffered punishment under the sentence is null and void. *Ex parte Voelkel,*

517 S.W.2d 291 (Tex.Crim.App.1975); *Ex parte Brown*, 477 S.W.2d 552 (Tex.Crim. App.1972). The court reasoned that because a defendant must actually serve a portion of his sentence before being placed on probation pursuant to Tex.Code Crim.P. Ann. art. 42.12, sec. 3e (Vernon 1977) (the statutory authority for granting "shock probation"), the defendant has suffered punishment, and therefore, upon the revocation of that probation, the convicting court has no power to cumulate any sentence not originally ordered to be served cumulatively. This reasoning is not changed or invalidated by the amendment of art. 42.08. Thus, the cumulation order of the trial court in cause no. 17,449–361 is null and void, and must be set aside.

Appellant's first point of error is sustained.

In appellant's second point of error, he asserts that the trial court abused its discretion in revoking his probation. Appellant maintains that the evidence is insufficient to support the allegations contained in the State's motion to revoke probation.

In both cause no. 17,449–361 and cause no. 16,525–272, the State alleged that appellant had violated the terms of his probation by committing an offense against the state, to-wit, an aggravated assault, and by violating his curfew. The court found both allegations to be true and ordered appellant's probation revoked.

There is conflicting testimony about whether appellant committed the aggravated assault. It is undisputed that appellant got involved in an altercation with a security guard outside of a nightclub in Bryan, Texas. The security guard testified that appellant threatened him with a knife. Appellant and his witnesses contend that he did not pull a knife or act in a threatening manner towards the guard.

At a probation revocation proceeding, the trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Harris v. State*, 486 S.W.2d 317, 318 (Tex.Crim.App. 1972). As such, the trial court was not bound to accept the appellant's version of the alleged assault. *Mixon v. State*, 367

S.W. 679, 680 (Tex.Crim.App.1963). Because one sufficient ground for revocation will support the trial court's order revoking probation, *Jones v. State*, 571 S.W.2d 191, 193 (Tex.Crim.App.1978), sufficient evidence exists to support the trial court's revocation of appellant's probation.

Appellant's second point of error is overruled.

The order that appellant's sentence terms run consecutively is set aside. In all other respects, the judgment is affirmed.

The clerk is ordered to deliver a copy of this opinion and judgment to the Texas Department of Corrections.