Juan CRUZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00367–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 22, 1988.

Michael A. Lamson, Houston, for appellant.

Michael J. Guarino, Criminal Dist. Atty., Mark J. Kelly, Asst. Dist. Atty., Galveston, for appellee.

Before WARREN, DUGGAN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a revocation of probation. Appellant pleaded guilty to possession of cocaine, and punishment was assessed at 10 years, probated. The State filed a motion to revoke appellant's probation alleging that appellant had intentionally and knowingly possessed a quantity of marijuana. After a hearing on the motion, appellant's probation was revoked, and he was sentenced to a reduced term of 7 years confinement.

In his first point of error, appellant argues that his warrantless arrest and the subsequent search of his apartment was unreasonable under the U.S. Const. amend. IV, and Tex.Const. art. I, sec. 9, and therefore any items seized should have been suppressed by the trial court.

At the revocation hearing the following evidence was adduced. Louisiana police officers James Hyatt and Patrick LaSalle were working undercover in St. Mary's Parish, Louisiana, when they observed a third party come out of an apartment, later determined to be appellant's, with a duffel bag. The officers followed this person to another location, where he attempted to sell the officers the marijuana in the duffel bag. During the conversation, the officers noticed a car, which they had previously observed at the appellant's apartment complex, coming toward them. As the vehicle came toward them, the driver slammed on

its brakes, turned the car around and headed back in the opposite direction.

The officers were told to return to appellant's apartment and secure it. Upon their return, they knocked on the apartment door and appellant answered. The officers had their guns drawn, and Officer LaSalle grabbed appellant's arm and pushed him against the wall. Appellant told the officers that there was no one else in the apartment, but Hyatt proceeded to search the premises in order to ensure the officers' safety. Although no illegal activity was noticed, Hyatt proceeded to knock down a locked bedroom door. Two persons were found in the bedroom, along with 27½ pounds of marijuana. The subjects were taken into the living room, patted down, placed under arrest, and read *Miranda* warnings. The officers also found a shirt in the bedroom closet that had a small amount of marijuana in its pocket. Appellant admitted that the shirt was his. Appellant then signed a consent to search form.

Appellant contends that the evidence uncovered by this illegal search was "fruit of the poisonous tree," and therefore inadmissible. The right to be free from searches and seizures is protected by the U.S. Const. amend. IV, and Tex.Const. art. I, sec. 9. It is beyond question that a person is accorded constitutional protection against unreasonable searches and seizures in his or her own home, or in any locale that may reasonably be considered a dwelling, including an apartment. *Lewis v. United States*, 385 U.S. 206, 211, 87 S.Ct. 424, 427, 17 L.Ed.2d 312 (1966).

We first note that although the arrest, search, and seizure in the instant case were made in the state of Louisiana, neither appellant nor the State have concerned themselves with the applicable laws of Louisiana. Therefore, because the law in other states is presumed to be the same as the law of Texas when not proved to be different, Texas law will be utilized, where applicable, throughout this opinion. *Acosta v. State*, 650 S.W.2d 827, 828 (Tex.Crim.App. 1983).

■ Both the Texas and Federal Constitutions prohibit search of private residences without a warrant in most cases. *McDole v. State*, 579 S.W.2d 7 (Tex.Crim. App.1979). All searches without valid warrants are unreasonable unless shown to be within one of the exceptions to the rule. Valid exceptions must exist, and the burden is on the State to show that a warrantless search comes within an exception to the general rule. *Wilson v. State*, 621 S.W.2d 799 (Tex.Crim.App.1981).

■ The fact that appellant rented the apartment, admitted that he kept his clothes there, and spent the night prior to his arrest in the apartment was sufficient to establish that appellant had a reasonable expectation of privacy in the premises. *See Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The State argues that "exigent circumstances" existed for the warrantless search. However, the officers testified that they returned to secure the apartment, and the only evidence in the record of exigent circumstances is the testimony of the officers that a vehicle had appeared to be following them from appellant's apartment complex to the location where the sale of marijuana in the duffel bag was to be made. The car seen at that site was never seen again. These facts do not rise to exigent circumstances that can overcome the protection afforded by the fourth amendment right to privacy against illegal searches and seizures.

We hold that the evidence does not demonstrate exigent circumstances, and, therefore, the evidence obtained through the warrantless search was improperly admitted at trial.

Appellant's first point of error is sustained.

In his second point of error, appellant challenges the sufficiency of the evidence to support the revocation of his probation for the possession of marijuana. Specifically, he claims that the evidence is insufficient to affirmatively link him to the contraband.

■ The burden of proof in a probation revocation is a "preponderance of the

evidence." *Russell v. State*, 551 S.W.2d 710, 714 (Tex.Crim.App.) (op. on reh'g), *cert. denied*, 434 U.S. 954, 98 S.Ct. 480, 54 L.Ed.2d 312 (1977). The State satisfies the burden of proof when the greater weight of credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged in the motion to revoke. *Battle v. State*, 571 S.W.2d 20, 21–22 (Tex.Crim.App.1978). Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim.App.1983).

▪ In an unlawful possession of a controlled substance case, the State must prove that the accused exercised care, control, and management over the contraband. *Rhyne v. State*, 620 S.W.2d 599 (Tex.Crim. App.1981). Where an accused is not in exclusive possession of the place where the contraband is found, there must be additional facts and circumstances that affirmatively link the accused to the contraband. *Guiton v. State*, 742 S.W.2d 5, 8 (Tex.Crim. App.1987).

The record reflects that appellant signed a consent form to search his apartment. However, it also reflects that the consent form was not executed until after the officers had made their illegal search and seizure of appellant and his apartment. The State contends that this action by appellant waives any complaint by the appellant of illegality in the search.

If the belated obtaining of the consent form from appellant to search his apartment waives the illegality of the search, then there is sufficient evidence to link appellant to the contraband found in the closet in his shirt pocket. On the other hand, if the illegal search was not waived by appellant's execution of the consent form, there is insufficient evidence to link appellant to the contraband, and insufficient evidence to revoke his probation.

Apparently, courts have used two approaches to determine the admissibility of physical evidence obtained by a purported consent following some form of illegal police action. *See* LaFave, *Search and Seizure*, ch. 8, sec. 8.2(d) at 188 (2d ed. 1987). A voluntariness test considering the totality of the circumstances has been used in California courts. *Burroughs v. Superior Court*, 13 Cal.3d 238, 118 Cal.Rptr. 166, 529 P.2d 590 (1975). The other test is whether the consent was obtained as a fruit of the prior illegality or "fruit of the poisonous tree" doctrine. *United States v. Wilson*, 569 F.2d 392 (5th Cir.1978). The standards are similar in that they require that the consent must be freely and voluntarily given. However, in the "poisonous tree" doctrine, even if it is found that the belated consent was voluntarily given, the prosecution must further show that it was not tainted by the prior illegal search.

▪ In analyzing confessions obtained after an illegal arrest, the Texas Court of Criminal Appeals adopted the four-pronged test utilized by the federal courts to determine the admissibility of confessions. *Bell v. State*, 724 S.W.2d 780, 788 (Tex.Crim. App.1986). Those factors are:

1) The giving of the *Miranda*[1] warnings;

2) The temporal proximity of the arrest and the confession;

3) The presence of intervening circumstances; and

4) The purpose and flagrancy of the officers' conduct.

*Id.*

With the exception of the *Miranda* warnings (and that would also be desirable), the same factors used in *Bell* are appropriate in determining whether the consent to search, which was obtained after the illegal search, is tainted by that illegal search.

▪ Applying the *Bell* factors to the instant case, we find that: (1) the appellant was being held by an officer, who had his gun drawn; (2) the search of appellant's apartment was made prior to giving *Miranda* warnings; (3) the appellant's consent to search was given while he was still in his apartment under arrest, and after the search had been already made; (4) there were no intervening circumstances; and (5) the purpose of the officers was

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

initially to secure appellant's apartment, as ordered by a superior officer. The flagrancy of the officers' acts is shown by their (1) disobeying an order to just secure appellant's apartment until a warrant could be obtained; (2) taking appellant into custody without obtaining an arrest warrant and without exigent circumstances; (3) not timely giving appellant *Miranda* warnings; (4) making an illegal search of appellant's apartment by kicking a door down, when they had no warrant and saw no illegal activity in appellant's apartment prior to kicking the door down; and (5) failing to explain to appellant the ramifications of his signing a consent after the already completed search.

We find that the State's offer of appellant's consent to search fails to meet any of the factors set forth in *Bell*. Thus, the fruit of the search should not have been admitted into evidence.

The only remaining evidence in the record that appellant violated his probation is the observations of the officers prior to their entering the apartment. This evidence is insufficient to link the appellant to the contraband.

Appellant's second point of error is sustained.

The judgment of the trial court is reversed, and it is ordered that appellant's probation be reinstated.