Julian GALVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00063–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 28, 1993.

**162**

Terrence A. Gaiser, Houston, for appellant.

John B. Holmes, Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., Houston, for appellee.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

Before DUGGAN, COHEN and PRICE [1], JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a revocation of probation. Appellant pleaded guilty to the offense of driving while intoxicated and received plea-bargained punishment of four years confinement, probated, and a $1,000 fine. Three months later, the trial court revoked appellant's probation upon finding that he violated the conditions of probation by subsequently committing the offense of failing to stop and render aid, TEX.REV.CIV. STAT.ANN. art. 6701d, §§ 38(a), 38(b), and 40 (Vernon 1977), after his involvement in a motor vehicle accident.

In two related points of error, appellant asserts that the trial court abused its discretion by revoking his probation because there was no evidence and insufficient evidence that he failed to stop and render aid. We affirm.

■ If the State proves by a preponderance of the evidence that a probationer has violated a condition of probation alleged in a motion to revoke probation, the decision whether to revoke probation is solely within the discretion of the trial court. *Flournoy v. State*, 589 S.W.2d 705, 707 (Tex.Crim.App. [Panel Op.] 1979); TEX. CODE CRIM.P.ANN. art. 42.12, § 24(a) (Vernon Supp.1993). The trial court is the exclusive judge of the credibility of the witnesses and determines whether the allegations in the motion to revoke are true. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim.App. [Panel Op.] 1981); *Cruz v. State*, 764 S.W.2d 302, 304 (Tex.App.— Houston [1st Dist.] 1988, no pet.). The appellate court then reviews the evidence in the light most favorable to the judgment of the trial court. *Id.*

The State's motion to revoke alleged that appellant violated the conditions of his probation by:

Committing an offense against the state of Texas, to-wit: on or about January 2, 1989, in Harris County, Texas, the Defendant did then and there unlawfully while driving and operating a vehicle was involved in an accident resulting in injury and death to ANGI G. GAINES, hereinafter called the Complainant, to-wit; the vehicle driven and operated by the Defendant collided with a VEHICLE OCCUPIED BY THE COMPLAINANT and the Defendant did intentionally and knowingly fail to stop and render reasonable assistance to the Complainant, including the making of arrangements for carrying the said Complainant to a physician and hospital for medical and surgical treatment, it being apparent that the said medical treatment for the Complainant was necessary.

At the revocation hearing, Thomas Burnett and Michael Nations each testified that a black Lincoln Continental and a dark gray BMW, traveling at a high rate of speed, passed them on the highway. Both witnesses testified that they next saw the Lincoln stopped on the highway, and that it appeared to have been in a collision with a Ford Escort.

Nations testified that he saw one man walk from the Lincoln toward the complainant, who was lying on the highway; that a second man moved from the driver's side to the passenger side and got out of the Lincoln; and that the second man was followed by a third man in the back seat, who also got out from the same side. Nations identified appellant as the second man, the person who came from the driver's side. Nations testified that appellant first examined the front end of the Lincoln and then walked toward the complainant; that the man who first got out stopped appellant and spoke with him; and that both men then turned, climbed over a median, and left the scene of the accident. Nations further testified that he tried but was unsuccessful in finding the complainant's pulse. The police arrived shortly thereafter.

Burnett testified that the complainant was still breathing when he approached

her, and that he did not attempt to administer aid because of the severity of her injuries. Officer McWilliams, the first officer on the scene, testified that he was dispatched to the scene at 8:00 p.m., that he arrived at 8:20 p.m., that the complainant was lying in the highway, and that he believed from her appearance that she was dead. He learned that two people had attempted to administer aid her. None of the witnesses knew who notified the police or ambulance.

Article 6701d, section 38(a) sets out the duty of the driver of any vehicle involved in an accident resulting in injury to another. *Steen v. State*, 640 S.W.2d 912, 914 (Tex. Crim.App.1982). The statute states in pertinent part:

Sec. 38. (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40. Every such stop shall be made without obstructing traffic more than is necessary.

TEX.REV.CIV.STAT.ANN. art. 6701d, § 38(a) (Vernon 1977).

Section 40 provides:

Sec. 40 The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person. shall give his name, address, and the registration number of the vehicle he is driving and the name of his motor vehicle liability insurer, and shall upon request and if available exhibit his operator's, commercial operator's, or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle colliding with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is neces-

sary or if such carrying is requested by the injured person.

Tex.Rev.Civ.Stat.Ann. art. 6701d, § 40 (Vernon Supp.1993).

Section 38(b) prescribes a punishment range for an offender who fails to stop, or to comply with the requirements set out in section 38(a). *Elias v. State*, 693 S.W.2d 584, 587 (Tex.App.—San Antonio 1985, no pet.). The elements of an offense under article 6701d, section 38(b) are that:

> (1) a driver of a vehicle (2) involved in an accident (3) resulting in injury or death of any person (4) intentionally and knowingly (5) fails to stop and render reasonable assistance.

*Steen*, 640 S.W.2d at 915.

■ Appellant contends that the motion to revoke his probation does not allege that he failed to remain at the scene, but that he failed "to stop and render reasonable assistance to the complainant." He first argues that there is no evidence that he failed to stop, because the evidence is undisputed that he stopped—his car was disabled and immobile after the impact. We disagree. The purposes behind the requirement of article 6701d, section 40, that a driver "stop" after an accident are (1) to provide for the exchange of information, and (2) to render the statutorily described assistance to injured persons. The required "stop" is therefore more than a loss of momentum on account of impact. In *Moore v. State*, 145 S.W.2d 887, 888 (Tex.Crim.App.1940), the court described the "stop" intended by article 6701d, section 40:

> [T]he stop demanded by [the then statute, Vernon's Ann.P.C. Art. 1150], does not mean a stop for an instant, enabling but a cursory examination of the surroundings, but does mean a definite cessation of movement for a sufficient length of time for a person of ordinary powers of observation to fully understand the surroundings of the accident and to possess himself of an accurate knowledge of the results of the accident. We further observe that the mere fact that the injured person was found to be dead some few minutes after the accident, would not be a sufficient excuse to absolve appellant from blame on account of a failure to stop an appreciable length of time.

■ The evidence shows that appellant got out of his disabled car, checked it for damage, started toward the complainant, was stopped by his passenger, and left the scene. The trial court hearing the motion to revoke probation could reasonably have found by a preponderance of the evidence that appellant's conduct constituted a failure to stop, that is, a failure to make a "definite cessation of movement for a sufficient length of time ... to fully understand the surroundings of the accident and to possess himself of an accurate knowledge of the results of the accident." *Moore*, 145 S.W.2d at 887. As in *Moore*, the fact that the complainant was found to be dead a few minutes later did not absolve appellant from blame for failing to stop an appreciable length of time. Therefore, the trial court did not abuse its discretion because a preponderance of the evidence shows that appellant did not make the "stop" demanded by statute.

■ Appellant next contends that, because the undisputed testimony indicated that the complainant was either dead or her condition was hopeless, he had no duty to render aid. The mere fact that an injured person is unconscious, and thus unable to receive the information required by the statute to be given him, or is dead, and therefore not in need of assistance, does not excuse the failure of the driver to stop or to comply with other provisions of the statute. *Moore*, 145 S.W.2d at 888. "Certainly decency and common respect dictate that mutilated humans should not be allowed to lie around in the street as mute evidence of the destruction wrought by speed." *Id.* at 889. Therefore, evidence that the complainant was dead or that her condition was hopeless did not extinguish appellant's duty to ensure that she was attended to appropriately.

The cases appellant relies on are distinguishable on their facts. In each case, the defendant remained at the scene until after other persons transported or arranged to transport the complainant from the scene

of the accident. *Bowden v. State*, 172 Tex. Cr.App. 578, 361 S.W.2d 207, 208 (1962); *Powell v. State*, 170 Tex.Cr.App. 415, 341 S.W.2d 915, 916 (1961); *Williams v. State*, 132 Tex.Crim. 36, 102 S.W.2d 212, 213 (1937). Appellant relies on *Williams* for the contention that his failure to do for the injured party that which was done by others would not be criminal. The court held that:

> While there is manifestly a duty devolving upon one who collides with and injures another, still and if some other person steps in and does for the injured person that which the accused should have done, and which in this instance, *she claimed she would have done, but for the kind offices of such other*, then and in such case the failure of the accused to remove the [injured person] herself to some place for treatment would not be criminal.

*Williams*, 102 S.W.2d at 213 (emphasis added). By contrast, appellant did not remain at the scene, or attempt to offer assistance to the complainant, or show that he would have rendered assistance but for the intervention of others. As the driver of the vehicle involved in the accident, appellant was the only person with a duty to assist the complainant. *See Steen*, 640 S.W.2d at 914; *see also Moore*, 145 S.W.2d at 888.

The preponderance of the evidence supports the State's allegation in its motion to revoke probation that appellant failed to stop and render aid to the complainant. Appellant's two points of error are overruled.

The judgment of the trial court is affirmed.