Nos. 04-98-00196-CR, 04-98-00197-CR & 04-98-00198-CR

Jose Antonio CORONADO,

Appellant
v.
The STATE of Texas,

Appellee

From the 227th Judicial District Court, Bexar County, Texas

Trial Court Nos. 90-CR-2841, 90-CR-6228, & 94-CR-6151W

Honorable Mike M. Machado, Judge Presiding

Opinion by: Karen Angelini, Justice

Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

Delivered and Filed: October 27, 1999


AFFIRMED AS REFORMED


 Nature of the case

 Jose Antonio Coronado appeals from the granting of a motion to revoke probation. In June

of 1991, Coronado pled guilty to the offenses of unauthorized use of a motor vehicle and voluntary
manslaughter. He was sentenced to ten years imprisonment. In November of 1991, the court granted
Coronado's motion for shock probation, suspended imposition of the sentence, and placed Coronado
on probation for ten years. In 1994, Coronado pled guilty to the offense of aggravated assault with
serious bodily injury and was placed on probation for ten years with some conditions.

 In September of 1997, the State filed a motion to revoke probation in all three cases because
Coronado had been convicted of an offense, failed to pay various fees, and failed to comply with
probation programs. In the first issue, Coronado argues that the court erred in allowing the probation
officer to testify from the probation records because the records were hearsay. In the second issue,
Coronado asserts that the evidence is insufficient to support revocation. In the third issue, Coronado
alleges that the court erred in revoking his probation because he proved that he did not have the
ability to pay the fees. In the fourth issue, Coronado argues that the court erred when it granted the
State's motion to cumulate his sentences.

Factual Background

 In order to prove that Coronado violated his first condition of probation, the State offered into
evidence a judgment of conviction for the offense of terroristic threat entered on July 31, 1997.
Further, the State offered the testimony of Coronado's probation officer who testified that Coronado
had failed to pay his probation fees and court costs for many months. As a result of his arrest for
terroristic threat, Coronado was exited from the Violence Intervention Program which he was
required to attend as a condition of probation. According to the probation officer, Coronado failed
to comply with the rules of the Restitution Center because he signed out for work, but did not go
immediately to work.

 Hearsay

 In the first issue, Coronado asserts that the court erred in allowing the probation officer to

testify to information contained in the probation records because the records were hearsay. On
appeal, Coronado contends that the State failed to lay a proper predicate for the admission of the
probation records under the business records or public records exceptions to the hearsay rule. See 
Tex. R. Evid. 803(6), (8). Coronado also asserts that the circumstances surrounding the records
indicate a lack of trustworthiness. Id. The State contends that Coronado has waived this issue
because he failed to object on these grounds at the hearing.(1) See Tex. R. App. P. 33.1(a); Penry v.
State, 903 S.W.2d 715, 729 (Tex. Crim. App. 1995) (finding that the issue raised on appeal must be
the same as the objection raised at trial).

 Regardless of the sufficiency of Coronado's objection, we find that the State laid the proper
predicate for the admission of the probation records under the business records exception.(2) The
probation officer testified that she became Coronado's probation officer in October of 1996. The
probation officer testified that she was in possession of Coronado's probation records which were
kept by the community supervision office in the regular course of business and filed by members of
the community supervision office who have knowledge of the contents. Based on this testimony,
we find that the State laid the proper predicate for the admission of the probation records under the
business records exception to the hearsay rule. Further, we find no evidence in the record to suggest
that the probation records were untrustworthy. We overrule the first issue.

Sufficiency of the evidence

 In the second issue, Coronado asserts that the evidence is insufficient for the court to find
that

he violated his conditions of probation. The State must prove violations of probation by a
preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). We
review the decision for an abuse of discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim.
App. 1984). Further, proof of any one of the alleged violations is sufficient to support a judgment
of revocation. Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). By
virtue of the admission of the judgment of conviction for terroristic threat, we find that the State
proved beyond a preponderance of the evidence that Coronado violated the condition of probation
forbidding him to receive a conviction for an offense. We overrule the second issue. Having found
that Coronado violated his probation because he was convicted of an offense, we need not address
the third issue dealing with Coronado's ability to pay his fees.

Reformation

 In the fourth issue, Coronado argues that the court erred by granting the State's motion to
cumulate two of the three sentences because he had already served a portion of the term prior to
being placed on shock probation.(3) Although the decision to cumulate sentences is within the court's
discretion, the court cannot cumulate a sentence after the defendant has already served a part of the
sentence. See Ex parte Reynolds, 462 S.W.2d 605, 608 (Tex. Crim. App. 1970). The State agrees
that the cumulation order is null and void and that the judgment should be reformed to set aside the
cumulation order. See Watson v. State, 753 S.W.2d 828, 830 (Tex. App.-Houston [1st Dist.] 1988,
no pet.) (setting aside cumulation order because it was found to be null and void). Thus, we find that
the cumulation order is null and void and should be set aside. We sustain the fourth issue.

 Accordingly, we set aside the cumulation order and affirm the judgment as reformed.


 Karen Angelini, Justice

DO NOT PUBLISH 

1. We note that Coronado objected three times to specific portions of testimony on the basis of hearsay but not
on the basis that the records had not been properly authenticated.
2. Rule 803(6), the business record exception, provides: "A memorandum, report, record, or date compilation,
in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information
transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was
the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown
by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the
source of information or the method or circumstances of preparation indicate lack of trustworthiness." Tex. R. Evid.
803(6).
3. In order to effectuate the cumulation order, the judgment in cause number 94-CR-6151W stated that the ten
years assessed in that case would be consecutive with the ten years assessed in cause number 90-CR-2841.