CZARSKI DAWAZA BARNES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-105-CR

CZARSKI DAWAZA BARNES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Czarski Dawaza Barnes appeals from the trial court’s judgment revoking his community supervision.  In its second amended motion to revoke community supervision, the State alleged that appellant violated various terms of his community supervision, including failure to abide by the curfew imposed by the trial court.  In his fourth point, appellant concedes that he did not abide by the court-imposed curfew and that the evidence shows this fact, but argues, without reference to legal authority, that fairness dictates that his community supervision should not have been revoked on these grounds.  
See
 
Tex. R. App.
 P. 38.1(h).

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion.  
See Cardona v. State
, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  An abuse of discretion occurs when the trial judge's decision was so wrong that it falls outside the zone within which reasonable persons might disagree.  
See Cantu v. State
, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 926 (1993).  We must examine the evidence in the light most favorable to the trial court's order.  
See Garrett v. State
, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981);  
Galvan v. State
, 846 S.W.2d 161, 162 (Tex. App.—Houston [1
st
 Dist.] 1993, no pet.); 
Jones v. State
, 787 S.W.2d 96, 97 (Tex. App.—Houston [1
st
 Dist.] 1990, pet. ref'd).  A finding of a single violation of community supervision is sufficient to support revocation.  
See Sanchez v. State
, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); 
Allbright v. State
, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref’d).

Because appellant concedes that he violated his community supervision by not abiding by the trial court’s curfew requirements, we hold the trial court did not abuse its discretion in revoking his community supervision.
  See Watson v. State
, 753 S.W.2d 828, 830 (Tex. App.—Houston [1
st
 Dist.] 1988, no pet.) (holding evidence that defendant did not abide by curfew requirements of community supervision was sufficient to support revocation).  We overrule appellant’s fourth point.  In light of our ruling on point four, we need not address appellant’s other five points, all of which contend that the evidence was insufficient to prove appellant violated other conditions of his community supervision.  
See
 
Tex. R. App. P.
 47.1; 
Allbright
, 13 S.W.3d at 819.

We affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  October 2, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.