COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-105-CR
 
CZARSKI DAWAZA BARNES                                                   APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
78TH DISTRICT COURT OF WICHITA COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant Czarski Dawaza Barnes appeals from the trial court’s judgment 
revoking his community supervision. In its second amended motion to revoke 
community supervision, the State alleged that appellant violated various terms 
of his community supervision, including failure to abide by the curfew imposed 
by the trial court. In his fourth point, appellant concedes that he did not abide 
by the court-imposed curfew and that the evidence shows this fact, but argues, 
without reference to legal authority, that fairness dictates that his community 
supervision should not have been revoked on these grounds. See Tex. R. App. 
P. 38.1(h). 
        Appellate review of an order revoking community supervision is limited 
to determining whether the trial court abused its discretion. See Cardona v. 
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). An abuse of discretion 
occurs when the trial judge's decision was so wrong that it falls outside the 
zone within which reasonable persons might disagree. See Cantu v. State, 842 
S.W.2d 667, 682 (Tex. Crim. App. 1992), cert. denied, 509 U.S. 926 (1993). 
We must examine the evidence in the light most favorable to the trial court's 
order. See Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 
1981); Galvan v. State, 846 S.W.2d 161, 162 (Tex. App.—Houston [1st Dist.] 
1993, no pet.); Jones v. State, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st 
Dist.] 1990, pet. ref'd). A finding of a single violation of community 
supervision is sufficient to support revocation. See Sanchez v. State, 603 
S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); Allbright v. State, 13 
S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref’d). 
        Because appellant concedes that he violated his community supervision 
by not abiding by the trial court’s curfew requirements, we hold the trial court 
did not abuse its discretion in revoking his community supervision. See Watson 
v. State, 753 S.W.2d 828, 830 (Tex. App.—Houston [1st Dist.] 1988, no pet.) 
(holding evidence that defendant did not abide by curfew requirements of 
community supervision was sufficient to support revocation). We overrule 
appellant’s fourth point. In light of our ruling on point four, we need not 
address appellant’s other five points, all of which contend that the evidence 
was insufficient to prove appellant violated other conditions of his community 
supervision. See Tex. R. App. P. 47.1; Allbright, 13 S.W.3d at 819. 
        We affirm the trial court’s judgment. 
                                                          PER CURIAM 
PANEL F:   DAY, J.; CAYCE, C.J.; and WALKER, J. 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 2, 2003