## D. W. FREEMAN v. THE STATE.

No. 14277.   Delivered June 10, 1931.

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is failure to stop and render aid as defined in article 1150, Penal Code; the punishment, confinement in the penitentiary for four years.

Hudson, deceased, and his wife were riding on a concrete highway toward Abilene, Mrs. Hudson being on the seat behind her husband with her arms around him. It was late at night. Mrs. Hudson testified that she had leaned her head down against her husband and had just looked up as a truck approched; that she and her husband were traveling on the right hand side of the road; that as she saw the lights of the truck her husband threw up his hand and said "My God"; that she saw the side of the truck; that her husband was knocked from the motorcycle by the truck; that she grasped the handle-bars and went on down the road a piece; that the motorcycle ran into a ditch, throwing her off; that she became unconscious for a short time; that upon returning to the point of the collision she found her husband lying on the road in an unconscious condition; that the truck did not stop, but went on up the road. Hudson died in a hospital shortly after the collision.

In the charge to the jury, the trial court treated state's witness Richardson as an accomplice witness. Richardson testified, in substance, as follows: In the month of May, 1929, witness was staying at Midland with appellant. Appellant was engaged in running a "wrecking shop", and used in connection with his business a Ford truck, model A. The back part of the truck consisted of a "stake panel" body. There was a cab on the front of the truck. On the 27th of May the witness and appellant started on a trip in the truck from Midland to Wichita Falls via Abilene. Early in the night, appellant, he doing all of the driving, had been zigzagging along the road. On one occasion he had barely missed colliding with a car. The witness had gone to sleep several miles out of Abilene. He was aroused by a noise which sounded like something scraping against the truck. We quote his testimony at this point as follows:

"I testified that I was asleep when I heard something. I do not

know what I heard. It did not make much noise. Something waked me up. It was enough to wake me up, whatever it was. I noticed the location of the truck at that time. At that time it was located on the left hand side of the road. It was on the north side of the road, coming towards Abilene. I do not know exactly how far we were then from Abilene. We were not far from Abilene at that time. It did not take long to drive in. I did not say anything then. I do not recollect that Freeman (appellant) said anything then. I did not say anything then from the reason that I had looked back and when I looked back over my shoulder I saw a red tail light going up the road, and I just figured we had sideswiped a car."

Upon cross-examination by appellant's counsel the witness testified as follows:

"I do know that somewhere between Merkel and Abilene while I was asleep, that I heard a noise, like the scraping of our fender and it roused me. I turned around and looked back through the back curtain of the car. I looked back through the back window of the cab, and going down the pike I saw a rear light. I did not say anything to Mr. Freeman. Mr. Freeman did not say anything to me. I did not suggest stopping. He did not suggest stopping. It did not occur to me that anybody had been injured. From what I saw and heard it did not occur to me that anybody had been injured. If it had occurred to me that anybody had been injured I would have stopped or told Freeman to stop. If I had known that we had run into anyone or had injured anyone I would have stopped and rendered aid. I would have insisted on Mr. Freeman stopping. I would not under any circumstances have driven off and left anybody there who was injured if I had known it."

The accomplice witness Richardson further testified, in substance, as follows: Appellant was driving the truck at the time the witness was awakened by the noise. Appellant did not stop, but drove on into Abilene and let the witness out of the car. A third man whose name the witness did not know was riding in the back of the truck at the time of the collision. The parties had picked this man up on the highway and were giving him a ride into town. The following day the accomplice examined appellant's truck in Midland at appellant's place of business. On the left hand side he found that the middle panel of the middle standard had been cracked. There was some hair driven into the crack under the iron piece on the standard. The iron piece was bent. There was a "smear" just in front of the hair. Prior to the collision the truck was in good condition. The witness took the truck up to C. W. Crowley's house, and they cut the hair out of the crack in the standard, Crowley keeping the hair. The noise heard by the witness on the occasion of the collision was on the left hand side of the truck.

As to the time and place of the collision, the witnesses to the accident

gave testimony corroborative of that of the accomplice witness Richardson. They further stated that the truck had a cab on it. Moreover they testified that the truck was on the wrong side of the road when the accident occurred. Several witnesses who examined appellant's truck two days after the accident testified to the condition described by Richardson. Whether the hair found on the truck was human hair was not shown. This hair, together with a lock of hair from deceased's head, was introduced in evidence for comparison by the jury.

Appellant contends that the evidence is insufficient to corroborate the testimony of the accomplice witness Richardson to the effect that appellant was in the truck on the occasion of the collision. The burden was on the state to prove beyond a reasonable doubt that appellant was either driving the truck at the time Hudson was struck or that he was in control of it. As hereinbefore stated, the trial court treated Richardson as an accomplice witness. Although the record does not show whether Richardson was under indictment for the same offense charged against appellant, we assume that he was under such indictment, and, therefore, an accomplice witness as a matter of law. We say this in view of the fact that we are of the opinion that the testimony heard upon the trial fails to stamp the witness as an accomplice as a matter of law. The testimony is deemed to go no further than to raise an issue as to whether Richardson was an accomplice witness. However, in the state of the record, it is incumbent upon this court to consider the testimony of Richardson as that of an accomplice witness. This is the question: Was the testimony of the accomplice witness sufficiently corroborated to the point that appellant was driving the truck or in control of it at the time of the collision?

A conviction cannot be had "upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed"; and "the corroboration is not sufficient if it merely shows the commission of the offense", but it must tend to connect the accused with its commission. Article 718, C. C. P., Durham v. State, 106 Texas Crim. Rep., 85, 290 S. W., 1092.

The test as to the sufficiency of the corroboration is to eliminate from the case the evidence of the accomplice witness, and then examine the evidence of the other witnesses with the view of ascertaining if there be inculpatory evidence, that is, evidence of incriminating character which tends to connect the accused with the commission of the offense. If there be such evidence, the corroboration is sufficient; otherwise, not. Durham v. State, supra; Jones v. State, 59 Texas Crim. Rep., 559, 129 S. W., 1118. Applying this test, we observe that appellant's ownership of the truck was the sole circumstance relied upon by the state to corroborate the testimony of the accomplice witness to the effect that appellant was in the truck at the time of the collision. No

witness, except the accomplice, testified that appellant left Midland in the truck; no person who might have seen the parties on the highway or in the towns between Midland and Abilene testified that appellant was in the truck. The man riding in the back of the truck was not called to testify. Those present at the time of the accident could not identify or describe the parties riding in the truck. Appellant offered no testimony. In short, the accomplice witness alone testified that appellant was in the truck on the night in question. If it should be held that the facts and circumstances in evidence were sufficient to corroborate the accomplice witness to the point that appellant's truck struck and killed Hudson, we would still have to look alone to the proof that appellant owned the truck to corroborate the accomplice to the effect that appellant was driving said truck at the time. We are unable to reach the conclusion that proof of the fact of ownership alone, under the conditions reflected by the record, was evidence of an incriminating character which tended to connect appellant with the commission of the offense.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.