CHARLEY EDWARDS HUNTER v. THE STATE.

No. 20958. Delivered April 17, 1940.

The opinion states the case.

*Old & Lilienstern,* of Mt. Pleasant, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was tried upon an indictment in Titus County alleging that on the 5th day of January, 1939, he operated a motor vehicle on State Highway No. 11 in the southeast corner of Titus County; that he was the driver of the car and in control of it; and while so driving, did strike Don Blevins and inflict injury and that he did "unlawfully fail to stop * * * * * and there unlawfully fail to render all necessary assistance to the said Don Blevins, etc." He was found guilty upon this charge and assessed a penalty of five years in the penitentiary.

By a bill of exception complaint is made of the failure of the court to give an instructed verdict finding the appellant not guilty on the ground that there was no evidence showing that he was the operator of the car. The proof is that he and his father drove up to the Thigpen drink place near the town of Cason together and both got out of the car, but there is no showing that the appellant was the one driving it at that particular time. It is in evidence that the appellant's father had no driver's license. Several of his neighbors in Van Zandt County, where he lived, testified that they had never seen him drive an automobile.

Appellant did not testify and the record discloses that his father was at home ill and unable to attend the trial. The State contested the motion for a continuance on account of the father's absence and the same was overruled. We believe it necessary to prove that appellant was either driving the car or that he was in control of it. If the father drove the car, it may be permissible to show that appellant was the owner and a passenger with him, but this the evidence does not disclose. It was incumbent upon the State to show either that the appellant was driving the car or that he was so acting as to be a principal with the party who did.

By Bill of Exception No. 3 complaint is made of the following statements by the District Attorney in his argument to the jury: "He left a poor wife as widow and a little baby. Men couldn't write all the pain that will result from this offense."

Again, by Bill of Exception No. 5 complaint is made of the following argument: "When a man can run up and down the roads of this State and destroy property and take human lives, he ought to be in the pen."

By Bill of Exception No. 6 complaint is made of the following argument of the District Attorney: "Will your wives be protected against the fiendish rapist if you didn't convict on circumstantial evidence? He killed Don Blevins."

We view each of the foregoing statements, under the facts of the instant case, to be improper. The appellant was not charged with murder but with the offense of failing to stop and render aid to one that may be presumed to have been struck with his automobile. There is no evidence properly admitted that the appellant was running up and down the roads of the State destroying property and taking human lives. This statement is beyond the record so far as the instant case is concerned, and as applied to the general public and the two frequent occurrences of such things, is inflammatory. The appellant may not be tried for crimes which others have committed, and invoking the evidence of other cases for the purpose of securing a conviction or the enhanced penalty in the appellant's case is improper. The district attorney went beyond the proper bounds of argument.

And more serious still is that statement concerning the protection of the wives against the fiendish rapist, followed by the direct statement of the prosecuting attorney that appellant killed Don Blevins. The District Attorney was not a witness in the case and had no right to make himself such in his argument. The recent case of Burns v. State, 135 S. W. (2d) 109, will be very enlightening on the subject and properly sets out the rule. See also Stalling v. State, 90, Tex. Cr. R. 310, 234 S. W. 914, 916.

For the errors discussed, the case is reversed and remanded for a new trial.