CARL W. POWELL, JR., V. STATE

No. 32,739. January 11, 1961

MORRISON, Judge, dissented.

*Wilson F. Walters*, Denison, for appellant.

*Dean Martin*, County Attorney, *Richard B. Pennell, Clifford Powell*, Assistants County Attorney, Sherman, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The conviction is for failure to stop and render aid; the punishment, one year in jail and a fine of $500.

The indictment alleged that appellant, while operating and controlling an automobile, struck Thomas Abner Langford with said automobile and injured him, and that appellant unlawfully failed to stop and to render to Thomas Abner Langford all necessary assistance by failing to carry Thomas Abner Langford to a physician and surgeon for treatment required by reason of such injuries.

The undisputed evidence shows that a 1951 Ford automobile traveling at a high rate of speed struck a 1955 Ford automobile which had just been pulled out of the ditch. Four boys were around the 1955 Ford, two of whom, Thomas Abner Langford and Roy Lewis Burt, were killed. The other two, Herschel Vick-

ers and Don Wayne Langford, brother of Thomas Abner Langford, testified as witness for the state. Neither was able to testify who was driving the 1951 Ford. Both testified they did not see appellant at the scene following the accident.

The 1951 Ford came to a stop knocking down several fence posts after it struck the 1955 Ford and the two boys. It remained at the scene until after the bodies of the two boys were carried away by ambulance called by Don Wayne Langford.

There was evidence sufficient to establish that the 1951 Ford belonged to appellant, but no witness testified that he was driving or was in control of said 1951 Ford when it struck and injured the boys.

To sustain the allegations of the indictment it was incumbent upon the state to show either that the defendant was driving the automobile which struck and injured Thomas Abner Langford, or that he was so acting as to be a principal with the driver of said car. Hunter v. State, 139 Tex. Cr. R. 106, 139 S.W. 2d 89; Freeman v. State, 118 Tex.Cr.R. 102, 40 S.W. 2d 105.

We held in the last cited case that proof that the defendant owned the truck involved in an accident was not evidence of an incriminating character which tended to connect him with the commission of the offense of failing to stop and render aid, and was insufficient to corroborate the testimony of an accomplice witness who testified he was the driver.

If appellant was driving the 1951 Ford, he complied with the first requirement of Art. 1150 P.C. and Art. 670ld, Sec. 38, V.A. C.S. The state proved that he stopped and remained at the scene of the accident until after an ambulance had been called to remove the bodies of the two victims. The witness William C. Robinson, called by the state, testified that he and his wife came upon the scene of the accident about 8:50 P.M., that they got out of their car and "walked over to the spot where the bodies were lying * * * The first thing I said when I walked up there, I asked someone, I don't recall who it was, if an ambulance and the police had been called, and they said yes. * * * When I came upon the scene and pulled my car off the road and stopped and looked over * * * the accident he (appellant) was standing right there. * * * he could have been in a state of shock. He seemed kinda dazed like."

The remaining charge against him in the indictment is that

appellant failed to carry Thomas Abner Langford to a physician or surgeon for treatment. There was no allegation that appellant failed to comply with any other provision of Art. 1150 P.C. or of Art. 670ld, Sec. 40, V.A.C.S.

There were others present with other vehicles who, had it been necessary or proper for the boys to have been carried to a physician or surgeon or to a hospital, could and no doubt would have performed this service. The brother chose to call an ambulance. Appellant's automobile was apparently disabled.

Appellant was not tried for murder, negligent homicide or aggravated assault with a motor vehicle, but for failing to stop and render to the person struck and injured the aid of carrying him to a physician or surgeon for treatment.

He stands convicted for failing to do that which others present with means at hand considered not necessary or proper. Such a conviction cannot be permitted to stand.

The judgment is reversed and the cause remanded.

MORRISON, Judge, (dissenting).

I would affirm the conviction. Appellant fled the scene prior to the arrival of the ambulance. Though he did choose to return to to the scene as a spectator prior to the removal of the bodies, his own witness admitted that she did not see appellant "at any time attempting to render any aid" or "making any arrangements at all to assist." Appellant stated that he intended to give himself up, but, instead, he successfully evaded officers who were searching for him for two days. See Moore v. State, 140 Tex. Cr. Rep. 482, 145 S. W. 2d 887.

I respectfully dissent.