JIMMY W. BOWDEN v. STATE

No. 34,723.    October 17, 1962

*Ruff Wall,* Carthage, for appellant.

*K. Baker,* District Attorney, Carthage, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for failure to render assistance following an accident; the punishment, thirty days in jail and a fine of $500.

The indictment, drawn under the provisions of Sections 38 and 40 of Art. 6701d, Vernon's Ann. Civil Statutes of Texas, charged that the appellant was the operator of a motor vehicle which was involved in an accident with a motor vehicle driven by Betty Finklee; that as a result of said accident the said Betty Finklee received serious bodily injury; and that the appellant did then and there fail to render to the said Betty Finklee reasonable assistance in that he failed to assist in making arrangements for the carrying of the said Betty Finklee to a hospital for medical treatment when it was then and there apparent that such treatment was necessary.

Our able state's attorney confesses error and concedes that the evidence is insufficient to sustain the conviction.

With such confession of error we agree.

The evidence shows that a Chevrolet automobile driven by Betty Finklee, the injured party, was involved in a collision with a Lincoln automobile owned by the appellant. The collision occurred in front of the Finklee residence as Mrs. Finklee was making a left turn into the driveway. In the collision Mrs. Finklee was thrown from the automobile. Her nine-year-old daughter, who was riding with her, remained in the car. Mrs. Finklee's husband, upon hearing the crash, came out of the house and went to the car. After getting his daughter out of the car he went to his wife, who was lying on the ground. As he started to get his wife up off the ground, appellant staggered into him, told him

his name, and asked that the officers not be called, stating that he had insurance and money. Mr. Finklee and his daughter, taking a position on either side of Mrs. Finklee, then assisted her to his car in the driveway. Appellant followed them to the car. Mr. Finklee then took his wife to a hospital, where she was treated for injuries sustained in the collision. Before leaving the scene appellant was told by Mr. Finklee to remain there until the officers arrived.

Neither the injured party nor her husband requested any assistance of appellant.

It was shown that one of the tires on appellant's automobile was blown out in the collision and that the nearest telephone was two miles from the scene.

Assuming that appellant was the driver of the automobile involved in the collision, he stands convicted for failing to do that which the injured party's husband and child did do when they assisted her to the car and she was carried to the hospital by her husband.

In Williams v. State, 132 Texas Cr. Rep. 36, 102 S.W. 2d 212, this court in discussing the court's charge in a prosecution for failure to stop and render aid stated that the accused's failure to do for the injured party that which was done by others would not be criminal.

In the recent case of Powell v. State, 341 S.W. 2d 915, a conviction for failing to carry the deceased to a physician or surgeon for treatment following an accident was reversed where the deceased's brother chose to call an ambulance and the accused's automobile was disabled.

Such are the facts in the present case, which show that appellant's automobile was disabled and the injured party's husband chose to carry her to the hospital.

Because the evidence is insufficient to support the conviction, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.