**Peter Elliff CLAUSEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–83–0606–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 18, 1984.

Rehearing Denied Dec. 6, 1984.

Michael B. Charlton, Keith Hampton, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Rory C. Flynn, Elaine Bratton, Harris County Asst. Dist. Attys., Houston, for appellee.

Before BASS, BULLOCK and DOYLE, JJ.

OPINION

DOYLE, Justice.

This is an appeal from a conviction for the felony offense of failure to stop and render aid. The jury assessed punishment at five years, probated, and a $5000 fine.

Two persons were riding in a car on the night of October 29, 1982 when a Jeep motor vehicle (Jeep) approached their car from the rear. Moments earlier, the couple had noticed a young man walking along the sidewalk. The couple saw the Jeep swerve to avoid a collision with their car, and veer in the general direction of where they had seen the young man. Immediately afterward, the couple heard a loud boom and saw the Jeep swerve back in front of them and drive away at a much faster rate of speed. The couple chased the Jeep until the wife was able to write down its license plate number. They then returned to the scene of the accident and found a young man lying unconscious in a ditch. An ambulance was called, which rushed him to the hospital.

Officers of the Houston Police Department found that the Jeep was registered to appellant's wife. She told the officers that her husband had been driving the Jeep the night of the accident. Police lab tests showed that paint samples taken from the Jeep matched samples of paint taken from the young man's clothes at the hospital.

The first of appellant's six grounds of error alleges that the trial court erred in overruling appellant's motion to quash the indictment. Appellant contends that the indictment was defective under art. 21.09, Tex.Code Crim.Pro.Ann. because it failed to adequately describe the motor vehicle.

The indictment alleged that the appellant:

While driving and operating a motor vehicle upon a public highway, injured Clay Davis, hereafter styled the Complainant, by causing his vehicle to collide with the Complainant, a pedestrian, and the Defendant intentionally and knowingly failed to stop and render to the Complainant reasonable assistance, for which there was an apparent need, by failing to take, and make arrangements for taking, the Complainant to a physician and hospital for medical and surgical treatment.

Article 21.09 sets forth the circumstances by which personal property must be described:

If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice.

Appellant bases his first ground of error on the holding in *Drumm v. State,* 560 S.W.2d 944 (Tex.Crim.App.1977). There, the court reasoned that an accused is entitled to notice of the particular cause for suspension, because there are several grounds for suspension of a license. In the case at bar, there is no analogy to the situation in *Drumm.* Further, appellee cites a recent case exactly on this point. In *Morales v. State,* No. 84–27–047 (Tex.App. —Corpus Christi, July 4, 1984) (not yet reported), the court held that the same wording that appellant challenges here sufficiently notified appellant of the means of transportation at the time of the offense. The court stated that an indictment that tracks the language of the statute is legally sufficient.

 If a description is essential, then it must be set forth in the indictment. *Thomas v. State,* 621 S.W.2d 158 (Tex. Crim.App.1981). In the present case, the description of the car was not essential to the charge, and the indictment tracks the language of the statute. *Morales v. State, supra.* Appellant's ground of error one is overruled.

Ground of error two alleges trial court error for failure to quash the indictment due to duplicity. Appellant argues that the indictment is duplicitous because it alleges not only a failure to stop and render aid, but also a failure to exercise due care. A failure to stop and render aid violates art. 6701d, sec. 38, V.A.C.S. (1977), while the failure to exercise due care is a violation of art. 6701d, sec. 79, V.A.C.S. (1977).

Section 38 provides:

The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident, or as close thereto as possible, but shall then forthwith return to and in every event shall remain at the scene until he has fulfilled the requirements of sec. 40.

Section 79 provides:

Notwithstanding other provisions of this Article every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any obviously confused or incapacitated person upon a roadway.

 Although the language of the indictment does embody portions of both offenses, the allegation of the felony offense of failure to stop and render aid necessarily includes the misdemeanor offense of failure to exercise due care. Appellant's contention of duplicity was rejected by the Texas Court of Criminal Appeals in *Nichol v. State,* 653 S.W.2d 768, 771 (Tex.Crim. App.1981): "When the allegation of one offense necessarily includes another offense, no violation of the rule against duplicitous pleading occurs." Appellant's second ground of error is overruled.

In the next ground, appellant contends that it was error for the trial court to overrule his first motion to suppress his confession on the ground that he had invoked his right to counsel.

Appellant testified in the hearing on the motion that he had told Officer Arraiza of

the Houston Police Department that he was trying to contact an attorney. The issue thus becomes whether that statement was sufficient to invoke the right to counsel.

Officer Arraiza read appellant his *Miranda* rights; however, there is conflicting testimony as to exactly when this occurred. Appellant did agree that he was asked two or three times whether he understood his rights. He also testified that he voluntarily gave information after having been given the *Miranda* warning.

Appellant cites *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) to support his contention that his confession should have been suppressed because he had invoked his right to counsel. The rule, as stated in *Edwards*, is that "waivers of counsel must not only be voluntary, but must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege ..." *Id.* at 482, 101 S.Ct. at 1883. The distinction between *Edwards* and our case lies in the fact that after voluntarily giving information, Edwards told the detectives that he wanted an attorney. *Id.* at 479, 101 S.Ct. at 1882. The next day Edwards was coerced into giving a statement after having stated that he did not want to talk to anyone. *Id.* Here, appellant was only questioned once and never indicated that he wanted an attorney present at the questioning. It is also clear from appellant's testimony that the circumstances surrounding his alleged revocation of right to counsel comply with the "knowing and intelligent" part of the standard. Appellant knew his vehicle had been in an accident; he knew he was being asked to give a statement about the accident; he understood the warning, and yet he volunteered information after the warning.

Appellant argues that the constitutional standard requires that interrogation must cease if counsel is requested in any manner. Appellant cites several cases from other jurisdictions to support his argument. These cases all indicate that the state has the burden to establish waiver. In *Maglio v. Jago*, 580 F.2d 202 (6th Cir.1978), the

court supported its conclusion that the state had not met its burden by examining the situation during the questioning: "... all the facts established below demonstrate that Maglio was confused about his rights, uncertain whether he could have a lawyer appointed for him during questioning, and unsure of the role of the prosecutor who took his recorded statement." *Id.* at 206. No similar circumstances were present during Clausen's questioning. It has been held that if the actions attempting to reach an attorney are equivocal, then the individual's fifth amendment rights must be respected. *Nash v. Estelle*, 597 F.2d 513 (5th Cir.1979) (en banc). However, as stated in *Gorel v. United States*, 531 F.Supp. 368 (S.D.Tex.1981), what is certain and clear to all present at the time may be made to appear equivocal only because of the manner in which it is recounted. *Id.* at 372.

■ The court should not presume that *any* effort to contact an attorney represents the invocation of the right to counsel if the totality of the circumstances rebuts the presumption. *Id.* at 372.

In *Curtis v. State*, 640 S.W.2d 615, 618 (Tex.Crim.App.1982), the reference to an attorney was very similar to the one made in the case before us. The Court stated:

The inquiry was about how he would be provided a court appointed attorney, and came during the course of a conversation with an officer who ultimately took the written confession, but before the latter actually read the warning. However, the officer testified that appellant said he "wanted to go ahead and give ... the statement." We find neither the incident nor the inquiry was tantamount to invocation of right to have counsel present during custodial interrogation.

■ All of the circumstances surrounding appellant's questioning indicate that he was intelligent and fully understood the *Miranda* warnings, there was no suggestion of coercion, and that he did not want counsel at that time. Appellant's third ground of error is overruled.

■ In appellant's fourth ground of error, he urges that the trial court erred in

overruling the second motion to suppress the confession for failure to take him before a magistrate for his warnings. Although this was not done, the court found that appellant had been warned in compliance with T.C.C.P., art. 38.22 (1981) and that his confession was given voluntarily. Under such circumstances, the law is well settled that failure to comply with the provisions of art. 15.17 of the T.C.C.P. (1981) does not invalidate the confession. *Von Byrd v. State*, 569 S.W.2d 883, 894 (Tex.Crim.App.1978). This ground of error is overruled.

In ground of error five, appellant alleges that the evidence does not identify him as the driver of the car that injured Clay Davis.

The state correctly points out that Davis was identified at trial as the complainant and that appellant made no objection. While there is no direct evidence showing that appellant struck Davis with his vehicle, there is ample circumstantial evidence to this effect in the record. Appellant testified in the motion to suppress that his vehicle had been in an accident; police compared paint samples taken from appellant's vehicle with samples taken from Davis' clothes that night and they matched; appellant testified he had no memory of what had happened before he woke up at 4 a.m. in his Jeep in a parking lot in the general area of the accident; and he could not offer an explanation of the cracked windshield or a large dent in the Jeep. Ground of error five is overruled.

In his final ground of error, appellant claims that the first paragraph in the charge to the jury amounted to a comment on the weight of the evidence. The charge read as follows:

Before you would be warranted in convicting the Defendant *in this case*, you must find from the evidence beyond a reasonable doubt that the defendant was the driver of a vehicle *involved* in an accident resulting in injury *to another person*, that the Defendant, at that time, knew that he had been involved in the accident, that he intentionally or knowingly refused or failed to remain at the scene of the accident and render reasonable assistance *to an injured person* involved in the accident, including the caring or the making of arrangements for the caring, of such injured person to a physician, surgeon, or hospital for medical or surgical treatment, and that it was apparent that such treatment was necessary. If you have a reasonable doubt as to the existence of any one or more elements, you would be bound to acquit the Defendant. (Emphasis added)

Specifically, appellant argues that the underlined phrases in the court's charge to the jury unduly emphasized particular issues and that the charge as worded required the state to prove less than was charged in the indictment. We do not agree.

It appears that special care was taken to assure that the instruction tracked the language of the indictment. Viewing the charge as a whole, it did not single out any particular fact and emphasize it above others as was found in *Beard v. State*, 123 S.W. 147, 149 (Tex.Crim.App.1909). Further, we find no evidence that the charge isolates any elements of fact in such a way that the jury was directed to give them undue attention. Appellant's sixth ground of error is overruled.

The judgment of the trial court is affirmed.