NUMBER 13-99-132-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


THE STATE OF TEXAS, Appellant,


v.



FILOGONIO GARCIA, Appellee.

____________________________________________________________________


On appeal from the 139th District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 A jury found appellee, Filogonio Garcia, guilty of the offense of
failure to stop and render aid,(1) and the trial court assessed his
punishment at one year imprisonment. The trial court subsequently
granted appellee's motion for a new trial. By a single point of error, the
State contends the trial court erred in granting the motion for new trial
because the evidence is legally and factually sufficient to support
appellee's conviction. The order granting the motion for new trial is
vacated, and the cause is remanded to the trial court for entry of a
judgment of conviction in accord with the jury's verdict.

A. Background


 On June 1, 1997, a Dodge truck traveling west on Mile 12½ Road
in Hidalgo County crashed into the door of Olivia Camargo's
("Camargo") car, which was traveling south on Farm to Market ("FM")
Road 88. The truck turned over and landed upside down. The collision
resulted in Camargo being pinned behind the wheel of her vehicle. A
number of people arrived and assisted the driver of the truck and
Camargo's passenger, Jeffra Gutierrez ("Gutierrez"), out of their
vehicles. When ambulance and law enforcement personnel arrived,
they found that the driver of the truck had left the scene of the accident. 
Camargo was taken by ambulance to a local hospital, where she later
died. Although there were many people at the scene, only three
individuals came forward and provided Department of Public Safety
("DPS") troopers with statements of their involvement with the persons
in the collision. All identified appellee by photo lineup and gave
statements that the driver of the truck they assisted was appellee. 
Through investigation, DPS troopers verified that the truck was
registered to and owned by appellee.

B. Standard of Review


 The State may appeal from a trial court's grant of a new trial in a
criminal case. Tex. Code Crim. Proc. Ann. art. 44.01(a)(3) (Vernon Supp.
2000). Determining whether to grant or deny a motion for new trial lies
within the sound discretion of the trial court. See State v. Gonzalez,
855 S.W.2d 692, 696 (Tex. Crim. App. 1993); Fielding v. State, 719
S.W.2d 361, 364 (Tex. App.--Dallas 1986, pet. ref'd). The trial court
ruling is not to be disturbed absent an abuse of discretion. See
Gonzalez, 855 S.W.2d at 696; Fielding, 719 S.W.2d at 364. The trial
court abuses its discretion when its decision lies outside the zone of
reasonable disagreement. Erdman v. State, 861 S.W.2d 890, 895 (Tex.
Crim. App. 1993); Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim.
App. 1990) (op. on reh'g). The party claiming an abuse of discretion
has the burden to present a record sufficient to establish abuse. See
Beard v. State, 385 S.W.2d 855, 856 (Tex. Crim. App. 1965). In cases
attacking the validity of a ruling that was inherently discretionary with
the court, reversible error can only be established by showing that the
ruling in question exceeded the limits of the court's discretion. See
Quinones v. State, 592 S.W.2d 933, 940 (Tex. Crim. App. 1980). 

C. Motion for New Trial


 In his motion for new trial, appellee argued that: (1) the trial court
erred in misdirecting the jury as to the law, or had committed a material
error calculated to injure defendant's rights; (2) the verdict was reached
by a manner other than the fair expression of opinion by the jurors; and
(3) the verdict was contrary to the law and evidence in the case.

 On appeal, the State complains only of the sufficiency of the
evidence. Because the trial court's order does not state the reason the
court granted the motion, we will review all the grounds in appellee's
motion for new trial to determine if the trial court abused its discretion
in granting the motion.

1. Jury Misdirection


 In his motion for new trial, appellee first argued the trial court had
erred in misdirecting the jury as to the law, or had committed a material
error calculated to injure his rights by failing to give a defensive jury
instruction. See Tex. R. Civ. P. 21.3(b).

 Appellee asserted there was a question as to whether he knew he
was leaving the scene of the accident because of the injuries he
sustained from the collision. Appellee asked the trial court to instruct
the jury on the theory of incapacity.

 Upon a timely request, a defendant has the right to an instruction
on any defensive issue raised by the evidence, whether such evidence
is strong or weak, unimpeached or contradicted, regardless of what the
trial court may or may not think about the credibility of this evidence. 
Hamel v. State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996); Miller v.
State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991). A charge on a
defensive issue is required if the accused presents affirmative evidence
that would constitute a defense to the crime charged and a jury charge
is properly requested. Miller, 815 S.W.2d at 585. In fact, the trial court
must grant the defendant an instruction regardless of whether the issue
is raised by the defendant's testimony alone or otherwise. Id. If a
defendant produces evidence raising each element of a requested
defensive instruction, he is entitled to the instruction regardless of the
source and strength of the evidence. Hamel, 916 S.W.2d at 493;
Brazelton v. State, 947 S.W.2d 644, 646 (Tex. App.--Fort Worth 1997,
no pet.). When evidence from any source raises a defensive issue, and
the defendant properly requests a jury charge on that issue, the trial
court must submit the issue to the jury. Muniz v. State, 851 S.W.2d
238, 254 (Tex. Crim. App. 1993). Thus, if the issue is raised by any
party, refusal to submit the requested instruction is an abuse of
discretion. Id. When the evidence fails, however, to raise a defensive
issue, the trial court commits no error in refusing a requested
instruction. Id.

 Evidence which constitutes a defense requires that the accused
not only admit the commission of the offense, but that he justify or
excuse his actions so as to absolve him of criminal responsibility for
engaging in conduct which otherwise constitutes a crime. Sanders v.
State, 707 S.W.2d 78, 81 (Tex. Crim. App. 1986). A defense does not
merely negate an element of an offense. Id. A claim of lack of
knowledge is merely the denial of an essential element of the State's
case and does not rise to the level of an affirmative defense. Mayes v.
State, 282 S.W.2d 709, 710 (Tex. Crim. App. 1955).

 Appellee did not admit he committed the offense of failure to stop
and render aid. Appellee's defensive theory of incapacity merely
negated an element of the offense, i.e., providing information, and did
not rise to the level of an affirmative defense. We conclude appellee
was not entitled to a defensive instruction.

2. Improper Jury Argument


 Appellee also argued in his motion for new trial that the verdict
was reached by a manner other than the fair expression of opinion by
the jurors. See Tex. R. Civ. P. 21.3(c). Appellee complained that the
State had made an improper comment during closing argument.

 During final argument, the prosecutor stated: 

Three people came here and had the moral courage to come
forward and tell you what they saw. It's up to you now to
send a message to the community when people commit
crimes, whether it's the worst murder in the world or
whether it's failure to stop and render aid where a person
does die but [sic] not charged with that, you still have the
moral responsibility to listen to the evidence.


Appellee objected to the comment. The trial court sustained appellee's
objection and instructed the jury to disregard the statement. Appellee
asked for a mistrial, and the trial court denied the request.

 Proper jury argument must fall within one of four categories: (1)
summary of the evidence; (2) reasonable deduction from the evidence;
(3) in response to argument of opposing counsel; and (4) plea for law
enforcement. Borjan v. State, 787 S.W.2d 53, 55 (Tex. Crim. App.
1990); Madden v. State, 721 S.W.2d 859, 862 (Tex. Crim. App. 1986);
Alejandro v. State, 493 S.W.2d 230 (Tex. Crim. App. 1973). A
prosecutor may argue the impact of a verdict on the community. 
Borjan, 787 S.W.2d at 55; Caballero v. State, 919 S.W.2d 919, 924
(Tex. App.--Houston [14th Dist.] 1996, pet. ref'd).

 It is well-settled that even if a prosecutor's jury argument is
improper, an instruction by the trial judge to the jury to disregard the
improper argument is usually sufficient to cure the error. Melton v.
State, 713 S.W.2d 107 (Tex. Crim. App. 1986); Logan v. State, 698
S.W.2d 680 (Tex. Crim. App. 1985). Reversible error occurs only when
a statement is so inflammatory that its prejudicial effect cannot
reasonably be removed by such admonition. McKay v. State, 707
S.W.2d 23 (Tex. Crim. App. 1985); Blansett v. State, 556 S.W.2d 322
(Tex. Crim. App. 1977). In this case, appellee took the correct steps in
preserving his objection for the record: (1) he objected to the
prosecutor's statement; (2) he requested an instruction to disregard;
and (3) he moved for a mistrial. See Brooks v. State, 642 S.W.2d 791
(Tex. Crim. App. 1982); Koller v. State, 518 S.W.2d 373 (Tex. Crim.
App. 1975).

 After reviewing the record, we conclude the State's appeal to the
community was not improper because the State merely encouraged the
moral responsibility of the jury to consider the evidence. The State did
not advocate going outside the record or appeal to the jury to base their
decision on emotion. We conclude this argument is simply a variation
of the traditional plea for law enforcement and is not improper. Even
assuming, arguendo, that the comment was improper, we conclude the
trial court's instruction to the jury to disregard the comment cured any
harm.

3. Legal and Factual Sufficiency


 Finally, appellee argued in his motion for new trial that the verdict
was contrary to the law and evidence in the case. See Tex. R. Civ. P.
21.3(h). Appellee asserted there was a question as to whether he was
the driver of the Dodge truck. If he was not the driver, appellee
contended he was not required to comply with the statute. If he was
the driver, appellee contended he was not capable of complying with
the statute because he was incoherent and in a state of shock. These
contentions challenge the sufficiency of the evidence.

(a) Court's Ruling


 Vacating a conviction and remanding the case for a new trial
indicates the decision is based on factual insufficiency. Clewis v. State,
922 S.W. 2d 126, 134 (Tex. Crim. App. 1996). If a court determines
that the conviction is legally insufficient, it needs to render a judgment
of acquittal. Tibbs v. Florida, 457 U.S. 31, 42 (1982). 

 In response to appellee's counsel's request for an instructed
verdict because the State had not legally met its burden, the trial judge
stated:

some cases (referring to Bowden v. State, 361 S.W.2d 207,
208 (Tex. Crim. App. 1962) and Powell v. State, 341 S.W.2d
915, 916 (Tex. Crim. App. 1961)) indicate that maybe they
didn't, but they were based on the facts that appeared not
to quite hit. Obviously, I'll have to study more if they bring
more cases and further analyze it further.


During the hearing on the motion for new trial, the trial judge said:

there have been some interesting legal questions that were
raised during the trial. I will obviously have to contend with
those.


When he granted the motion for new trial, the trial judge stated:

the court grants the motion for new trial in the State v.
Filogonio Garcia with regards to the sufficiency of the
evidence and, also, on the basis that -- I think on the
sufficiency alone will cover it.


 The trial court vacated the judgment and ordered a new trial. 
Because he granted a new trial, we conclude the trial judge's decision
was based on factual insufficiency. However, because the trial judge's
statements hint at legal insufficiency, we will review the record for both
the legal and factual sufficiency of the evidence.

(b) Legal Sufficiency


 When we review the legal sufficiency of the evidence, we look at
the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979); Rosillo v. State, 953 S.W.2d 808, 811 (Tex.
App.--Corpus Christi 1997, pet. ref'd). Reasonable doubt is described
as reasoning arising from evidence or lack of evidence. Jackson v.
Virginia, 443 U.S. 307, 318 (1979); Johnson v. Louisiana, 406 U.S. 356,
360 (1999). The State has the burden of proving the essential elements
of a crime beyond a reasonable doubt. Short v. State, 874 S.W.2d 666,
667 (Tex. Crim. App. 1994). We measure the legal sufficiency of the
evidence by the elements of the offense as defined by the hypothetically
correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997). Such a charge would accurately set out the law, would be
authorized by indictment, and would not unnecessarily increase the
State's burden of proof. Id. A judgment is not to be reversed on
sufficiency grounds if there is evidence in the record that establishes
guilt beyond a reasonable doubt. Smith v. State, 986 S.W.2d 86, 87
(Tex. App.--Houston [1st Dist.] 1999, pet. ref'd).

 The jury was charged with the elements of the offense of failure
to stop and render aid under sections 550.021 and 550.023 of the
Texas Transportation Code, which provide, in relevant part:

§ 550.021. Accident Involving Personal Injury or Death

(a) The operator of a vehicle involved in an accident
resulting in injury to or death of a person shall:


 (1) immediately stop the vehicle at the scene of the
accident or as close to the scene as possible;


 (2) immediately return to the scene of the accident if
the vehicle is not stopped at the scene of the
accident; and


 (3) remain at the scene of the accident until the
operator complies with the requirements of
Section 550.023.


* * * * *



(c) A person commits an offense if the person does not
stop or does not comply with the requirements of this
section.


Tex. Transp. Code Ann. § 550.021 (Vernon 1999).


§ 550.023. Duty to Give Information and Render Aid


 The operator of a vehicle involved in an accident
resulting in the injury or death of a person or damage to a
vehicle that is driven or attended by a person shall:


 (1) give the operator's name and address, the
registration number of the vehicle the operator
was driving, and the name of the operator's
motor vehicle liability insurer to any person
injured or the operator or occupant of or person
attending a vehicle involved in the collision;


 (2) if requested and available, show the operator's
driver's license to a person described by
Subdivision (1); and


 (3) provide any person injured in the accident
reasonable assistance, including transporting or
making arrangements for transporting the person
to a physician or hospital for medical treatment if
it is apparent that treatment is necessary, or if the
injured person requests the transportation.


Tex. Transp. Code Ann. § 550.023 (Vernon 1999). The purpose of the
"stop" requirement after an accident is to provide for the exchange of
information and to render statutorily described assistance to injured
persons. Galvan v. State, 846 S.W.2d 161 (Tex. App.--Houston [1st
Dist.] 1993, no pet.). The required "stop" is, therefore, more than loss
of momentum from impact. Id.

 Circumstantial evidence is sufficient evidence to prosecute for
failure to stop and render aid. Clausen v. State, 682 S.W.2d 328 (Tex.
App.--Houston [1st Dist.] 1984, pet. ref'd). In Clausen, the evidence
showed that: (1) the defendant's automobile had been in an accident;
(2) paint taken from his automobile matched that taken from a
pedestrian's clothes the night of the accident; (3) the defendant testified
he had no memory of what happened the night of the accident, before
he woke up at 4:00 a.m. in his automobile in a parking lot in the general
area of the accident; and (4) the defendant could not offer an
explanation for a cracked windshield or large dent in his automobile. Id.

 The record in this case shows that appellee's truck flipped over
from the impact of the collision and remained upside down at the
scene. After the collision, a number of people arrived and assisted the
driver of the truck out of the vehicle. The driver left the scene of the
accident. DPS trooper Robert Pena testified that the driver was no
longer present when he arrived. Three witnesses identified appellee by
photo lineup and in person at trial, as the driver of the Dodge truck.

 Esteban Munoz and his wife, Patsy, helped appellee at the scene. 
When Esteban asked appellee, "Are you okay?" and "Is there anyone
else in the truck?" appellee responded by nodding his head; there was
no direct verbal response. Patsy Munoz observed appellee's condition
and response to Esteban's questions. The front end of appellee's truck
was damaged, and the driver's side of Camargo's vehicle was crushed,
pinning her behind the wheel.

 A rational jury could conclude that the physical gesture of
nodding, coupled with knowledge of the condition of the truck,
indicated appellee was aware of the collision and coherent. In addition,
appellee had to travel past Camargo's vehicle in order to get home. A
rational jury could conclude that appellee left the scene knowing that a
collision had occurred and that other persons were involved and injured.

 In reviewing the evidence for legal sufficiency, the most significant
question is not how and when he left the scene, but whether he
remained at the scene and provided the other parties with the
information required by the transportation code. The record contains
sufficient evidence showing that appellee did not comply with the first
requirement of section 550.023; that he give his name and address, the
registration number of the vehicle he was driving, and the name of his
motor vehicle liability insurer to any person injured or to the operator or
occupant of or person attending the vehicle involved in the collision. 
See Tex. Transp. Code Ann. § 550.023(1) (Vernon 1999). Gutierrez
testified that the driver of the truck did not approach her or provide her
with any information or assistance. Also, the record contains no
evidence that appellee provided the required information to Camargo,
Gutierrez or anyone else at the scene of the accident.

 The second statutory requirement, that the operator show his
driver's license to a person described above, if requested and available,
was unnecessary since it was not requested. See Tex. Transp. Code
Ann. § 550.023(2) (Vernon 1999). However, law enforcement officers
would have requested his driver's license as part of their routine
investigation if the driver had remained at the scene.

 The record also contains sufficient evidence showing that the
driver did not comply with the third requirement of section 550.023;
that he provide reasonable assistance to any person injured in the
accident, including transporting or making arrangements for
transporting the person to a physician or hospital for medical treatment
if it is apparent that treatment is necessary, or if the injured person
requests transportation. See Tex. Transp. Code Ann. § 550.023(3)
(Vernon 1999). Neither appellee nor the State question the apparent
necessity of medical treatment for Camargo and Gutierrez.

 Appellee raises the issue of whether he was physically capable of
complying with the statute. The record contains more than sufficient
evidence showing that appellee was conscious and physically well after
the accident. Tomas Gonzalez, who assisted appellee, testified that he
did not notice any blood or any other kind of noticeable injury. 
Although the witnesses testified that appellee could have been dazed
from the accident, all witnesses concluded that he was fine, and they
felt free to leave him to assist the injured people in the car. Also, he
was well enough to leave the scene of the accident before the
ambulance personnel and DPS troopers arrived.

 Witnesses at the scene called for an ambulance and assisted in
caring for the injured individuals. The accused's failure to do for the
injured party that which was done by others is not criminal. See
Williams v. State, 102 S.W.2d 212 (Tex. Crim. App. 1937). However,
we find no evidence in the record that appellee knew, or was aware,
that other people were assisting Camargo or Gutierrez.

 We find there is sufficient evidence from which a jury could
conclude that appellee was the driver and knowingly left the scene of
the accident before the ambulance personnel and DPS troopers arrived
without complying with section 550.023. See Tex. Transp. Code Ann.
§ 550.023 (Vernon 1999).

 Appellee relies on Bowden v. State and Powell v. State in support
of his contention that the evidence in this case is insufficient to support
his conviction. In the Bowden case, the evidence was held insufficient
to support Bowden's conviction for failure to stop and render aid since
the victim's husband had taken his wife to the hospital because one of
the tires on Bowden's car had blown out in the collision and the nearest
telephone was two miles from the scene. See Bowden, 361 S.W.2d at
208. Bowden approached the other parties, persisted in following them
to the car that transported the injured person, and provided them with
his name and told them he had insurance. Id. Bowden did not remain
at the scene as requested, but he was aware that others were caring for
the injured person. Id. 

 In this case, appellee left the scene of the accident before the
ambulance personnel arrived to transport the injured and before he
knew that others present with means at hand were caring for the
injured. Also, appellee did not approach the other parties and provide
them with his name, address, vehicle registration and insurance carrier. 
See Tex. Transp. Code Ann. § 550.023 (Vernon 1999).

 In the Powell case, the evidence was held insufficient to support
Powell's conviction for failure to stop and render aid because Powell
stopped and remained at the scene until the bodies of the two injured
boys were carried away by an ambulance. See Powell, 341 S.W.2d at
916. The appellee's vehicle in this case was damaged just like the
vehicles in the Bowden and Powell cases. However, unlike Bowden
and Powell, the appellee in this case left the scene of the accident
before the ambulance personnel arrived and transported the injured
people to the hospital.

 After reviewing all the evidence, we hold that any rational trier of
fact could have found beyond a reasonable doubt that appellee did not
remain at the scene of the accident and did not provide the injured
parties with the information required by section 550.023 of the Texas
Transportation Code. We conclude the evidence is legally sufficient to
support appellee's conviction.

(c) Factual Sufficiency


 When we review the factual sufficiency of the evidence, we view
all the evidence without the prism of in the light most favorable to the
verdict. Clewis v. State, 922 S.W. 2d 126, 129 (Tex. Crim. App. 1996). 
We set aside the verdict only if it is so against the overwhelming weight
of the evidence that it is manifestly unjust and clearly wrong. Id. 
Appropriate deference must be given to the fact finder so as not to
replace the judgment of the jury with that of the appellate court. See id.
at 133. The complete and correct standard for conducting a Clewis
factual sufficiency review of the elements of a criminal offense asks
whether a neutral review of the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary
proof. See Johnson v. State, 2000 WL 140257, at *8 (Tex. Crim. App.
Feb. 9, 2000).

 Appellee presented several defensive theories: (1) he was not the
driver; (2) if he was the driver, he was dazed and incapable of
complying with the statute; and (3) there was a question whether he
complied with the statute because his vehicle was left at the scene and
one could obtain the registration and vehicle identification number from
the vehicle.

 DPS trooper Pena spoke with appellee at his home, between 1:30
and 2:00, on the night of the accident.(2) Appellee contends the vehicle
was stolen from his house, and he was not the driver at the time of the
collision.(3) However, the record contains no evidence substantiating
appellee's claim that he reported his truck stolen. The records clerk for
the Weslaco Police Department, Amelia Rodriguez, and the custodian
of records for the Hidalgo County Sheriff's Office, Blanca E. Sanchez,
both found no record of a call reporting the truck stolen.

 Four witnesses testified they had contact with appellee at the
scene, on the night of the accident. Gonzalez was at home when he
heard the collision and was the first person to reach the car to assist
Camargo. Esteban Munoz and his wife, Patsy Munoz were parked in
front of where the accident occurred. Esteban Munoz only heard the
collision, but he was the first person to reach the truck to assist the
driver he identified as appellee. Patsy heard the collision and also saw, 

when the truck hit the car and when the truck flipped and
the car went to the side of the road. I don't know, the left,
I guess.


DPS trooper Robert Pena was the first law enforcement officer to arrive
at the scene and the lead investigator. All the witnesses, including
trooper Pena, identified appellee by photo lineup and in person at trial. 
In trying to find the owner of the truck, trooper Pena ran a check on the
license plate number and vehicle identification number. Both identified
appellee as the owner of the truck and that he lived in Weslaco, Texas.

 Appellee contends there was a question whether he complied with
the statute because his vehicle was left at the scene and one could
obtain the registration and vehicle identification number from the
vehicle. Even with the vehicle on the scene, Camargo and Gutierrez did
not have the other required information, including the operator's name,
address, and insurance carrier. Trooper Morris conducted an inventory
of the vehicle and did not find insurance papers.(4) There was a sign
with a telephone number on the truck, but trooper Pena testified that
when he called the telephone number an answering service answered. 
The presence of citizens band radios and cellular phones in appellee's
truck establish the means to summon medical assistance. 

 While there is some evidence tending to support appellee's claim
of innocence, it was up to the jury to determine whether the facts
showed appellee was able to comply with his responsibility to provide
information and render aid. The jury, as the trier of fact, may use
common sense and apply common knowledge, observation, and
experience gained in ordinary affairs when giving effect to the
inferences that may be reasonably drawn from the evidence. Booker v.
State, 929 S.W.2d 57, 60 (Tex. App.--Beaumont 1996, pet. ref'd); 
Wawrykow v. State, 866 S.W.2d 87, 88 (Tex. App.--Beaumont 1993,
pet. ref'd). As fact finder, the jury is the exclusive judge of the
credibility of witnesses and the weight to be afforded their testimony. 
Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The
jury is free to accept one version of the facts, reject another, or reject all
or any of a witness's testimony. Penagraph v. State, 623 S.W.2d 341,
343 (Tex. Crim. App. [Panel Op.] 1981); Sills v. State, 846 S.W.2d 392,
394 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd). Simply because
the defendant presents a different version of the facts does not render
the State's evidence insufficient. Anderson v. State, 701 S.W.2d 868,
872 (Tex. Crim. App. 1985); Sills, 846 S.W.2d at 394. As the reviewing
court, we may not sit as a thirteenth juror and disregard or reweigh the
evidence. Moreno v. State, 755 S.W. 2d 866, 867 (Tex. Crim. App.
1988).

 After reviewing all the evidence, we conclude that the jury's
verdict is not so against the overwhelming weight of the evidence that
it is manifestly unjust and clearly wrong. We conclude the evidence is
factually sufficient to support appellee's conviction.

 After reviewing all the grounds in appellee's motion for new trial
and concluding that they are without merit, we hold the trial court
abused its discretion in granting appellee's motion for new trial. The
State's sole point of error is sustained.

 The order granting appellee's motion for new trial is vacated, and
the cause is remanded to the trial court for entry of a judgment of
conviction in accord with the jury's verdict.



 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

24th day of August, 2000.

1. Tex. Transp. Code Ann. §§ 550.021, 550.023 (Vernon 1999).
2. Troopers Pena and De La Garza informed appellee of the accident and
confirmed that he owned the truck. Appellee told the troopers that he had been
barbecuing and drinking that afternoon. Troopers Pena and De La Garza stood
approximately 20 feet away from appellee because he had big dogs and a six foot
concrete fence around his property. Appellee stated he put up the fence because his
home is always being burglarized.
3. Appellee testified he always leaves the truck unlocked and that he parked the
truck on the side of his house outside the fence. 
4. Trooper Pena testified he found a briefcase, two citizens band radios, two
cellular phones (one mounted in the truck and one hand-held), carpentry equipment,
measuring tapes, hammers, rolling wheel, and circular saws in the truck.