IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00262-CV

No. 10-08-00263-CV

 

7.02 Acres of Land and $10,000

in united states currency,

                                                                                    Appellants

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court Nos. 07-07-19807-BCCV
and 07-07-19707-BCCV

 



MEMORANDUM  Opinion



 








            The parties have filed agreed motions to dismiss these appeals. 
Accordingly, the appeals are dismissed.  See Tex. R. App. P. 42.1(a)(1).

  

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed October 1, 2008

[CV06]






.3d 394, 406 (Tex. Crim. App. 2000).

Legal Sufficiency    

A person involved in an
accident resulting in injury or death to another commits the offense of failure
to render assistance by failing to: 

(1)  immediately stop the vehicle at
the scene of the accident or as close to the scene as possible;

 

(2)  immediately return to the scene of
the accident if the vehicle is not stopped at the scene of the accident; and 

 

(3)  remain at the scene of the
accident until the operator complies with the requirements of Section 550.023.

 

Tex. Transp.
Code Ann. § 550.021(a) (Vernon 1999).  

Section 550.023 requires
the driver to:

(1)  give the operator’s name and
address, the registration number of the vehicle the operator was driving, and
the name of the operator’s motor vehicle liability insurer to any person
injured or the operator or occupant of or person attending a vehicle involved
in the collision; 

 

(2)  if requested and available, show
the operator’s driver’s license to a person described by Subdivision (1); and 

 

(3)  provide any person injured in the
accident reasonable assistance, including transporting or making arrangements
for transporting the person to a physician or hospital for medical treatment if
it is apparent that treatment is necessary, or if the injured person requests
the transportation.

 

Id. §
550.023 (Vernon 1999).

Rigard testified that on
the evening of June 20, 2004, he stopped at a convenience store to purchase
cigarettes.  While at the store, he had an altercation with a group of men
which quickly escalated to the men shooting at him.  Rigard fled from the
gunfire and jumped into his car.  He tried to back out of the parking lot but
he had to pull forward and then back out again to maneuver around the gas pumps
and a security gate.  When he finally was able to exit the parking lot, the men
were still shooting and he “put [his] head down and hoped for the best.”  As Rigard
sped out of the parking lot, he hit a pedestrian, Reginald George, with his
vehicle.  Although Rigard claims that he did not see what happened, he knew he
had hit someone.  He testified that he did not stop because he was afraid of
being shot and that “in [his] heart, he believed [George] to be dead.”[1] 
Witnesses called for emergency assistance; however, George died before
paramedics arrived.

Rigara argues that he was
only required to act out of “practical necessity” and that he was not required
to stop at the scene of the accident because he knew that George died as a
result of the impact.  He relies on Bowden and Powell to support
the proposition that the requirements of the statute are met simply by the
driver’s ascertaining whether medical assistance is necessary.  See Bowden
v. State, 361 S.W.2d 207 (Tex. Crim. App. 1962); Powell v. State, 341
S.W.2d 915 (Tex. Crim. App. 1961).  He argues that although the drivers in Bowden
and Powell stopped and remained at the scene long enough to make
this determination, he “ascertained what had occurred without returning to the
scene” and “what he knew was an objectively reasonable, logical deduction from
the circumstances, not merely an assumption.”

As the driver of the
vehicle, Rigard was obligated not only to assist George but to stop the vehicle. 
Galvan v. State, 846 S.W.2d 161, 165 (Tex. App.—Houston [1st Dist.]
1993, no pet.)  In Moore v. State, the Court of Criminal Appeals stated
the following about what is required of a driver:

The stop demanded … does not mean a
stop for an instant, enabling but a cursory examination of the surroundings,
but does mean a definite cessation of the movement for a sufficient length of
time for a person of ordinary powers of observation to fully understand the
surroundings of the accident and to possess himself of an accurate knowledge of
the results of the accident.  We further observe that the mere fact that the
injured person was found to be dead some few minutes after the accident, would
not be a sufficient excuse to absolve appellant from blame on account of a
failure to stop an appreciable length of time.

 

Moore v. State, 145
S.W.2d 887, 888 (Tex. Crim. App. 1940).[2]

The fact that George died
shortly after the accident and was not in need of assistance does not excuse Rigard’s
failure to stop or to comply with the other provisions of the statute.  Galvan,
846 S.W.2d at 164 (citing Moore, 145 S.W.2d at 888).  As it
is undisputed that Rigard failed to stop or to offer any assistance to George,
we find that the evidence is legally sufficient to sustain the conviction.  We
overrule Rigard’s sole issue.

Conclusion

      Having overruled Rigard’s sole issue,
we affirm the judgment of the trial court.

 

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed December 20, 2006

Do
not publish

[CR25]








 









    [1]   Rigard
acknowledges that he does not address the defensive issue of necessity. 
Rather, he argues that “the evidence is legally insufficient to support the
elements of the charged offense, without regard to any facts concerning the
circumstances of Appellant’s fleeing the gunfire.”





    [2]   The
statute in effect in 1940 is similar to Texas Transportation Code Section
550.021(a).